```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, and ANNUITY FUNDS and THE
TRUSTEES OF THE LOCAL 1010 APPRENTICESHIP
SKILL IMPROVEMENT, AND TRAINING FUND,

                    Plaintiffs,
                                          MEMORANDUM AND ORDER
                                          ADOPTING R&R
       -against-                          22-cv-5050 (KAM)(JRC)


CAPE MOUNT HEAVY CONSTRUCTION &
ASSOCIATES, LLC,
                    Defendant.
---------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On August 25, 2022, Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement, and Training Fund ("Plaintiffs" or "Funds"), commenced this action against Defendant Cape Mount Heavy Construction & Associates, LLC ("Cape Mount" or "Defendant") pursuant to the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145. (*See* ECF No. 1 ("Compl.") ¶ 1.)

After Defendant was served and failed to appear, Plaintiffs requested and received a Certificate of Default from

1

the Clerk of Court. (ECF No. 8, Clerk's Entry of Default dated 09/23/2022.) Plaintiffs subsequently moved for default judgment on November 29, 2022, in compliance with Local Rule 55.2. (*See* ECF Nos. 9-16.) This Court referred the motion to Magistrate Judge James R. Cho on April 6, 2023. (*See* 04/06/23 Dkt. Order.)

Presently before the Court is a Report and Recommendation issued by Magistrate Judge Cho on July 31, 2023, recommending that the Court grant default judgment against Defendant as to liability on Plaintiffs' ERISA and LMRA claims (ECF No. 25 ("R&R") at 9), as well as awarding Plaintiffs the following relief:

> (1) Delinquent contributions of **$189,169.71**, union assessments and dues check-offs of **$16,879.76** as set forth in the Audit Report, interest thereon at an annual rate of 10 percent to be calculated upon entry of final judgment, liquidated damages of **$18,916.97**, and audit fees and costs of **$5,890**;
>
> (2) Delinquent contributions of **$231,186.86**, and union assessments and dues check-offs totaling **$17,290.60** for the periods September 2021, and May 2022 through September 2022, interest thereon at an annual rate of 10 percent to be calculated upon the entry of a final judgment, and liquidated damages of **$23,118.69**;
>
> (3) Late payment interest of **$17,948.87** for the periods October through December 2016, May 2017, July 2017 through August 2018, October 2018, November 2018, February 2019 through June 2019, August 2019, November 2019, January 2020 through March 2020, June 2020, July 2020, and September 2020 through April 2022;

>    (4) Post-judgment interest calculated at the statutory rate pursuant to 28 U.S.C. § 1961; and
>
>    (5) Attorneys' fees of **$7,864.00** and expenses of **$495.77**.

(*See id.* at 26; *see also id.* at 9-25.)

As explicitly noted at the end of Magistrate Judge Cho's meticulously analyzed Report and Recommendation, any objections to the Report and Recommendation were due by August 14, 2023, marking fourteen days of receipt of the Report and Recommendation. (R&R at 27; *see also* 07/31/2023 Dkt Entry.) Plaintiffs served the Report and Recommendation on Defendant by mail and email on August 1, 2023. (*See* ECF No. 26, Certificate of Service dated 08/01/2023.) The statutory period for filing objections has now expired, and no objections to Magistrate Judge Cho's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

Accordingly, upon a careful review of the Report and Recommendation and the record in this case, and considering that neither party has objected to any of Magistrate Judge Cho's thorough and well-reasoned recommendations, the Court finds no clear error in the Report and Recommendation and hereby affirms and adopts it as the opinion of this Court.

The Clerk of Court is respectfully directed to enter judgment as set forth above and in Magistrate Judge Cho's R&R, and to close the case. Plaintiffs are ordered to serve a copy of this Order and the judgment on Defendant, and to file proof of service within three business days after the Clerk of Court enters judgment.

**SO ORDERED.**

_____
**Hon. Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

Dated:   August 17, 2023
         Brooklyn, New York